```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
EDWIN WIMBUSH,                                                    :
                                                                  :
                              Plaintiff,                          :
                                                                  :
              -v-                                                 :
                                                                  :
L.I.C. PET TRANSPORT INC. d/b/a PET CHAUFFEUR                     :
and DAVID LANG,                                                   :
                                                                  :
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/12/2018

16 Civ. 5363 (PAE) (KNF)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Plaintiff Edwin Wimbush brings this action against his employer L.I.C. Pet Transport, Inc. and its chief executive officer, David Lang (collectively, "defendants"), alleging violations of the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C §§ 201–219, and the New York Labor Law (the "NYLL") §§ 193, 650–665, and the regulations thereunder, *see* 12 New York Codes, Rules and Regulations (the "NYCRR"), Part 142. Wimbush claims unpaid minimum wages, unpaid overtime wages, unpaid spread-of-hours pay, unlawful deductions from wages, and violations of recordkeeping requirements. He also brings a claim for unjust enrichment. As relief, Wimbush seeks compensatory damages, liquidated damages under the FLSA and NYLL, attorneys' fees, court costs, and pre and post-judgment interest.

Defendants defaulted. The Court entered default judgment on liability and referred the case to Magistrate Judge Kevin Nathaniel Fox for an inquest into damages. Before the Court is Judge Fox's Report and Recommendation ("the Report"), Dkt. 33, to which Wimbush has objected in part ("Objections"), Dkt. 36. This opinion resolves Wimbush's Objections and adopts the Report in its entirety, save for one issue.

1

## I. Background[1]

Defendant L.I.C. Pet Transport, Inc. ("L.I.C.") is a New York corporation engaged in the pet transportation business. Defendant David Lang is the company's chief executive officer and owner. Wimbush was employed by L.I.C. as a driver for a period of about five years, between June 2010 and November 2015. Wimbush asserts that his job duties included transporting pets and making various deliveries and pick-ups of pets and supplies in a car provided to him by the defendants. Wimbush asserts that he regularly worked more than 40 compensable hours per week and that he sometimes had workdays in excess of 10 hours. Wimbush also contends that he was never paid overtime rates for his overtime work or spread of hours pay for workdays which exceeded 10 hours.

While working, Wimbush regularly used a credit or debit card provided by L.I.C. to purchase gas and other items necessary to do his job. Defendants' records show that L.I.C. made certain deductions from Wimbush's wages for gas and parking tickets. Wimbush contends that he "never expressly authorized" deductions from his wages and that he was not given notice of all terms and conditions of such deductions. On September 14, 2015, Wimbush was laid off for lack of work.

On July 6, 2016, Wimbush filed the instant complaint. Dkt. 1. On September 14, 2016, after defendants failed to respond, Wimbush moved for an entry of default. Dkt. 11. On October 14, 2016, following a default hearing in which the defendant did not appear, the Court granted plaintiff's application for entry of default judgment against defendants, jointly and severally, and referred the matter to Judge Fox for an inquest into damages. Dkt. 16.

---

[1] The following factual summary is drawn from the Report and the Court's review of the record.

In December 2016, Wimbush filed submissions requesting $189,464.35, including (a) $151,090.94 in damages and interest, (b) $37,750 in attorneys' fees, and (c) $623.41 in costs. Dkts. 28–31. In those submissions, Wimbush abandoned his claim for unpaid minimum wages, conceding that he had been paid sufficient money in cash each week to exceed the minimum wage threshold. In particular, he submitted an affidavit in which he admitted that "Defendants also paid me some additional monies in cash, generally about $200 every other week, which monies were not reported on the time sheets or ADP Earnings Statements." Dkt. 29 at 10. His attorney, Kenneth A. Goldberg, also submitted an affidavit stating the following: "At this juncture, Plaintiff's initial damages calculation does not include a claim for unpaid minimum wage because Plaintiff alleges that he received certain cash payments from Defendants, which he has included in determining his effective hourly wage regular rate and which increased that rate." Dkt. 30 ¶ 18 n.2. However, in the same paragraph, Goldberg also said that Wimbush "reserve[d] the right to submit a supplemental/revised damages calculation including a claim for unpaid minimum wages" if the Court "decline[d] to accept Plaintiff's initial damages calculation." *Id.* Defendants did not file a response.

On August 25, 2017, Judge Fox issued the Report, recommending that this Court award Plaintiff (a) $106,462.68 in damages, (b) $25,250 in attorneys' fees, (c) $623.41 in costs, and (d) interest in an amount to be determined. *See* Report. At issue here, the Report recommends awarding liquidated damages under the FLSA for overtime wages and not under the NYLL, which has a longer statute of limitations and would entitle Wimbush to greater compensation.[2]

---

[2] In full, the Report recommends finding that NYLL § 198(4) applies in this case; denying spread-of-hours compensation under NYLL §§ 650–665, 12 N.Y.C.R.R. Part 142 (Count Five); denying damages for Wimbush's unjust enrichment claim on the grounds that it is duplicative of Wimbush's FLSA claim; awarding the maximum amount allowed for violation of notice and record-keeping requirements under NYLL § 195; awarding liquidated damages under

The Report also terms some of Wimbush's and his counsel's conduct surrounding Wimbush's minimum wage claim as "troubling." Report at 21.

On September 20, 2018, Wimbush submitted his Objections to the Report. Wimbush objected to the Report's: (1) decision not to award him liquidated damages for unpaid overtime wages under the NYLL; and (2) implication that he and his counsel had not acted in good faith regarding the minimum wage claim. *Id.* Defendants did not file their own objections or oppose Wimbush's objections.

## II. Discussion

After a magistrate judge has issued a Report and Recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept the portions of a report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Acevedo v. Lempke*, No. 10 Civ. 5285 (PAE) (HBP), 2014 WL 4651904, at *3 (S.D.N.Y. Sept. 17, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)). When a timely and specific objection has been made, the court is obligated to review the contested issues *de novo*. *See id.*; Fed. R. Civ. P. 72(b)(3); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998). But when the objections simply reiterate previous arguments or make only conclusory statements, the court reviews the report and

---

the FLSA; awarding unpaid overtime in the amount of $6,840.04, calculated using the FLSA's calculation methodology, 29 U.S.C. §§ 201–219; awarding damages for unlawful deductions from wages under NYLL § 193 in the amount of $48,560.49; awarding prejudgment interest under the NYLL in the amount of nine percent per annum on all NYLL compensatory damages (totaling $57,523.17), calculated from February 8, 2013 forward; denying prejudgment interest under the FLSA on the grounds that such damages may not be awarded in addition to liquidated damages in an action for violation of the FLSA; and finding Wimbush entitled to post-judgment interest calculated pursuant to 28 U.S.C. § 1961. The Report also awards $25,250 in attorneys' fees and $623.41 in costs.

4

recommendation for clear error. *Dickerson v. Conway*, No. 08 Civ. 8024 (PAE) (FM), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *see Kirk v. Burge*, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009) (collecting cases).

The Court has carefully reviewed Judge Fox's thorough and well-reasoned Report. As to the portions of the Report that were not objected to, the Court's review has revealed no facial error in their conclusions. Thus, the Court adopts the Report as to all aspects to which plaintiff has not objected. As to the two areas in which there are objections, the Court (1) declines to adopt the Report's denial of liquidated damages for unpaid overtime under NYLL, and instead awards such damages; but (2) does not disturb the Report's characterization of plaintiff's minimum wage claim, while adding some observations. Finally, the Court modifies the Report *sua sponte* in one respect: In light of Wimbush's concession that his pay exceeded the minimum wage threshold, the Court vacates the earlier default judgment as to that claim.

First, the Court addresses liquidated damages. The Report correctly notes that "an employee may not recover cumulative liquidated damages under both[] the FLSA and NYLL." Report at 31; *see also Larrea v. FPC Coffees Realty Co.*, No. 15-CIV-1515 (RA), 2017 WL 1857246, at *2 (S.D.N.Y. May 5, 2017) ("[A]n employee may not recover cumulative liquidated damages under both the FLSA and NYLL for overlapping claims."); *Hengjin Sun v. China 1221, Inc.*, No. 12-CV-7135 (RJS), 2016 WL 1587242, at *4 (S.D.N.Y. Apr. 19, 2016) (same); *accord Chowdhury v. Hamzan Express Food Corp.*, 666 F. App'x 59, 61 (2d Cir. 2016) (summary order). Such recovery "would lead to duplicative damages." *Valle v. Gordon Chen's Kitchen LLC*, 254 F. Supp. 3d 665, 669 (S.D.N.Y. 2017). However, plaintiffs may seek liquidated damages "under whichever statute . . . provides the greater relief." *Romero v. Anjdev Enters.,*

5

*Inc.*, No. 14 Civ. 457, 2017 WL 548216, at *10 (S.D.N.Y. 2017); *see also* Report at 31 ("[Wimbush] may benefit from whichever [statute] yields a greater recovery.").

Having found Plaintiff's unpaid overtime claim valid, the Report analyzed which statute (the FLSA or NYLL) would provide Wimbush greater relief. It concluded that the FLSA would afford greater relief than the NYLL because it found that no damages were available for unpaid overtime claims under the NYLL. The Report reached this conclusion by relying on a New York case which states that "New York does not have a mandatory overtime law." *Hornstein v. Negev Airbase Constructors*, 448 N.Y.S.2d 435, 437 (2d Dep't 1985). And, the Report noted, "plaintiff does not make citation to any binding authority allowing liquidated damages under NYLL § 663 in the absence of minimum wage violations," of which there were none. Report at 32.

Although the Report's conclusion to this effect follows from the language in *Hornstein*, it is ultimately erroneous in holding that liquidated damages are unavailable for unpaid overtime claims under the NYLL. Strictly speaking, New York does not have a stand-alone statutory mandatory overtime law. But it has mandatory overtime regulations that were issued by the Commissioner of Labor pursuant to the NYLL. *Ray v. Debt Free Nation, Inc.*, No. 11 CIV. 7316 (AT), 2014 WL 957023, at *4 (S.D.N.Y. Mar. 11, 2014) ("New York does not have a mandatory overtime law. Instead, the Commissioner of Labor issued a Minimum Wage Order for Miscellaneous Industries and Occupations, providing that [a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate.") (internal citations and quotations omitted); *see also Rocha v. Bakhter Afghan Halal Kababs, Inc.*, 44 F. Supp. 3d 337, 353 (E.D.N.Y. 2014) ("Defendants' argument that there is no right to overtime under New York law is without merit."). Specifically, section 142-2.2 of the New York Compilation of Codes, Rules and Regulations ("Section 142-2.2") mandates overtime pay: "An

6

employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in" the FLSA.

Wimbush is entitled to liquidated damages on unpaid overtime wages claimed pursuant to section 142-2.2. NYLL § 663 provides for liquidated damages on NYLL claims: "If any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article . . . and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law." *Id.* And this provision extends to wage under-payments in violation of regulatory obligations: Under NYLL § 2(16), "[a]ll references to labor law, chapter, article, or section shall be deemed to include any rule, *regulation*, or order promulgated thereunder or related thereto." *Id.* (emphasis added). Section 142-2.2 was promulgated pursuant to the same article in which NYLL § 663 is found: Article 19 of the NYLL.[3] It follows that unpaid overtime wages are "wages" an employee is entitled to under the provisions of "this article," Article 19. Courts have thus imposed liquidated damages under § 663 for unpaid overtime. *See, e.g., Griffin v. Astro Moving & Storage Co. Inc.*, No. 11-CV-1844 (MKB), 2015 WL 1476415, at *6 n.3 (E.D.N.Y. 2015) (awarding damages for unpaid overtime claims under the NYLL); *Inclan v. N.Y. Hospitality Grp., Inc.*, 95 F. Supp. 3d 490, 511 (S.D.N.Y. 2015) (same); *Callier v. Superior Bldg. Servs., Inc.*, No. 09-CV-4590 (ILG) (JMA), 2010 WL 5625906, at *6 (E.D.N.Y. Dec. 22, 2010), *report and recommendation adopted*, No. 09

---

[3] *See Rocha*, 44 F. Supp. 3d at 356 ("New York Labor Law authorizes the Commissioner to adopt the recommendations of the wage board regarding overtime regulations as part of his mandate to carry out the purposes of [the minimum wage law] and to safeguard minimum wages," pursuant to NYLL §§ 655, 656, which are found in Article 19 (internal quotations omitted)); *see also Diaz v. Elecs. Boutique of Am., Inc.*, No. 04-CV-0840E(SR), 2005 WL 2654270, at *1 (W.D.N.Y. Oct. 17, 2005).

7

CV 4590 (ILG) (JMA), 2011 WL 222458 (E.D.N.Y. Jan. 21, 2011) (same, though erroneously awarding them on top of the liquidated damages allowable under the FLSA).

Wimbush is therefore entitled to liquidated damages on his overtime-wage claims under NYLL. Specifically, Wimbush's unpaid overtime claims under the NYLL cover the period of July 6, 2010 through September 14, 2015. *See* Objections at 7. Before April 9, 2011, NYLL liquidated damages were awarded at the rate of 25% of the unpaid wages. *See* NYLL § 663(1) (effective November 24, 2009); *Callier*, 2010 WL 5625906, at *2. After April 9, 2011, following an amendment to § 663, NYLL liquidated damages are awarded at the rate of 100% of unpaid wages. NYLL § 663(1) (effective April 9, 2011). Thus, for approximately 39.5 weeks (July 6, 2010–April 8, 2011) of the period of his claims, Wimbush is entitled to liquidated damages under the NYLL at the rate of 25% of unpaid overtime wages, yielding damages of $249.25. For the remainder of the period of his claims, 231.5 weeks (April 9, 2011–September 14, 2015), Wimbush is entitled to liquidated damages under the NYLL at a rate of 100% of unpaid wages, yielding damages of $5,843.06. Because the total award of liquidated damages owed under the NYLL is greater than the amount owed under the FLSA ($6,092.31 compared with $2,877.36), the Court will award Wimbush liquidated damages for unpaid overtime wages under the NYLL. This entitles Wimbush to $3,214.95 more in liquidated damages than the Report awarded.

The Court turns next to the Report's characterization of Wimbush's conduct in pursuing the minimum wage claim. It stated the following in connection with the affidavit that attorney Goldberg filed in support of Wimbush's request for damages:

> Goldberg's statement that "Plaintiff alleges that he received certain cash payments from Defendants, which he has included in determining his effective hourly wage regular rate and which increased that rate" is troubling because nowhere in the complaint did the plaintiff allege that he "received certain cash payments from

> Defendants, . . . which increased [his regular] rate"; on the contrary, knowing that he "received certain cash payments from Defendants, . . . which increased [his regular] rate," but omitting that fact from the complaint, the plaintiff asserted unpaid minimum wage claims, which he is now forced to abandon based on his sworn admission in his affidavit, not his allegation, that he "received certain cash payments from Defendants," which increased his hourly rate above the minimum wage rate. Not only is Goldberg's contention troubling, it also implicates Rule 11 of the Federal Rules of Civil Procedure together with his statement that "Plaintiff reserves the right to submit a supplemental/revised damages calculation including a claim for unpaid minimum wage." Given that the plaintiff admitted in his affidavit that he "received certain cash payments from Defendants," which increased his "regular rate" above the minimum wage rate and resulted in the plaintiff's abandonment of his unpaid minimum wage claims now lacking any basis as a matter of law, it is not clear, and Goldberg does not explain, on what basis the plaintiff could re-assert the unpaid minimum wage claims. Moreover, Goldberg does not make citation to any legal authority for the proposition that "the right to submit a supplemental/revised damages calculation" exists in the circumstance of this case, and the Court finds none; thus, the plaintiff may not "reserve" a non-existing right.

Report at 20–21.

Wimbush does not dispute the facts underlying Judge Fox's critique in the Report. The Court declines to disturb that critique, because, simply put, it is fair to reprove a party and his counsel for bringing a minimum wage claim which undisclosed facts precluded. That said, the Court notes that the Report does not find bad faith on the part of Wimbush or his counsel. Although it is possible that the belated disclosure of the cash payments was strategically motivated when it became apparent that a finding of a higher wage rate would, all in, benefit Wimbush in the damages inquest, it is also possible that the errant complaint was a product, for example, of an inadequate pre-complaint investigation by counsel, a circumstance which, while undesirable, would not inherently bespeak bad faith. The Court does not regard Wimbush's attempt to "preserve" his right to renew his minimum wage claims as indicative of bad faith: If indeed the Report had rejected, on the facts presented, Wimbush's claim that he received cash

wages, those claims could then have been actionable. The point is, in any event, academic, as Judge Fox ultimately credited this factual claim.

That said, in light of Wimbush's admission that he was paid at or above minimum wage, *see* Objections at 12 (noting that Wimbush "was not seeking any damages on [the minimum wage] claim because of the discovery of cash payments that raised his effective wage rate above minimum wage"), the Court must, and does, vacate the default judgment on that claim.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report with respect to all portions not objected to and as to its discussion of minimum wages; awards plaintiff an additional $3,214.95 in liquidated damages under NYLL; and vacates the default judgment as to Wimbush's claim that he was not paid minimum wage. Wimbush is directed to submit, by two weeks from the date of this Opinion and Order, an updated interest calculation.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 12, 2018
   New York, New York